The defendant appeals from a judgment of the Superior Court that ordered the defendant to permit the plaintiffs to inspect various corporate records of the defendant, awarded attorney's fees to the plaintiffs, and dismissed the defendant's counterclaims.[3] We affirm.
The defendant's principal claim on appeal-that the plaintiffs failed to establish that their request was made in good faith and for a proper purpose-is largely controlled by the recent opinion of the Supreme Judicial Court in Chitwood v. Vertex Pharmaceuticals, Inc., 476 Mass. 667 (2017), which was decided after judgment entered in the present case. Chitwood establishes that the showing of "good faith" and a "proper purpose" required under G. L. c. 156D, § 16.02(b ), inserted by St. 2003, c. 127, § 17, is less demanding than that required under Delaware law governing shareholder rights to inspect corporate records. Chitwood, supra at 676-677.
In the present case, the plaintiffs' stated purpose for their inspection request was to determine the value of their interests in the defendant corporation. The defendant does not contend that valuation of shares is not a proper purpose, but instead contends simply that the stated purpose is pretextual.[4] However, as the plaintiffs observe, the information the defendant previously furnished to allow the plaintiffs to value their interests was inadequate. Moreover, to the extent the defendant rests its challenge to the adequacy of the plaintiffs' statement of a proper purpose on more exacting standards drawn from Delaware law or from various trial court decisions, those standards and decisions, in our view, do not survive Chitwood. We accordingly discern no error of law in the order requiring inspection of the requested records.[5]
We likewise discern no error in the award of attorney's fees to the plaintiffs after the defendant failed to comply with the order directing it to make the requested records available. As observed in the plaintiffs' brief, entitlement to such an award is established by G. L. c. 156D, § 16.04(c ), in circumstances such as those in the present case in which a judge orders inspection and copying of records demanded under § 16.02. The defendant's suggestion that it had a reasonable good faith basis to refuse inspection, based on its contention that the plaintiffs are not shareholders, is baseless, both because the contention was barred by the statute of limitations and because, as the plaintiffs point out, the defendant acknowledged the plaintiffs' status in numerous settings and on numerous occasions during the period prior to the commencement of this litigation.
In addition, "[t]he statutory provisions for a 'reasonable attorney's fee' would ring hollow if it did not necessarily include a fee for the appeal." Yorke Mgmt. v. Castro, 406 Mass. 17, 19 (1989). In accordance with the procedure set forth in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the plaintiffs may file an application detailing and supporting their request for appellate attorney's fees within ten days of the date of the rescript. The defendant shall have ten days thereafter to file any opposition. Ibid.
Judgment affirmed.

The defendant raises no challenge on appeal to so much of the judgment as dismissed its claims against various third-party defendants.

To the extent that the defendant asserts on appeal that the request was overbroad inasmuch as it sought records beyond the scope embraced by G. L. c. 156D, § 16.02(b ), it is waived. See defendant's memorandum in opposition to plaintiffs' motion for order requiring inspection of defendant's corporate records (asserting that "detailed business and accounting records" sought by plaintiffs "fall within Section 16.02 [b ]").

As the plaintiffs observe, there is no basis in the record to support the defendant's separate contention that it has a good faith basis to believe that disclosure of the records would adversely affect the defendant's business. Though the defendant cites a statement allegedly made by plaintiff Fred Chanowski in 2008, it has furnished no evidence (by affidavit or otherwise) to support the claim. In any event, even if made, the alleged statement is both too ambiguous and too attenuated in time from the records request to carry the defendant's burden.